UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>              Plaintiff,<br><br>   v.<br><br>RNL AUTOMOTIVE, LLC,<br><br>              Defendant. | Case No.  15-cv-1405 L (JLB)<br><br>**ORDER DENYING MOTION TO DISMISS [ECF NO. 5]** |

   Pending before the Court is Defendant's fully briefed motion to dismiss.  The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **DENIES** the motion.

//
//
//
//
//
//
//
//

## I. BACKGROUND

This Americans with Disabilities Act ("ADA") action arises from Plaintiff Scott Schutza's ("Mr. Shutza") allegation that Defendant RNL Automotive, LLC ("RNL") violated the ADA by not installing and providing hand controls for Mr. Schutza to test drive a vehicle. RNL now moves to dismiss all claims, and Mr. Shutza opposes.

## II. LEGAL STANDARD

### Motion to Dismiss for Failure to State a Claim

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

## III. DISCUSSION

### A. The ADA Requires an Automobile Dealership that Offers Test Drives to Install Vehicle Hand Controls to Allow Test Drives by Individuals with Disabilities if Installation is Readily Achievable

Defendant's first claims that "installation of vehicle hand controls is not required under the ADA statutory scheme." (MTD 4, ECF No. 5-1.) Defendant points out that other courts in this District have agreed with this argument. However, the Department of Justice has weighed in on this issue, and made it clear that an automobile dealership that offers tests drives must install vehicle hand controls to allow test drives by individuals with disabilities if installation is readily achievable. Brief for the Department of Justice as Amicus Curiae, *Karczewski v. K Motors, Inc, et al.*, No. 15-55588 (9th Cir. *filed* September 4, 2015).

This Court must answer two questions when it reviews an "agency's construction of the statute which it administers." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842 (1984). First, the Court must determine if Congress has directly spoken to the precise question at issue. Because the intent of Congress is not clear here, as evidenced by the parties' arguments and district court opinions cited in the briefs, the Court must move to the next question. *See id.* at 842-43. The Court must determine if the agency's position on the issue is "based on a permissible construction of the statute." *Id.* In *Chevron*, the Supreme Court has explained the importance of deference to an implementing agency: "We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer, and the principle of deference to administrative interpretations." *Id.* at 844. Further, Department of Justice regulations interpreting the ADA should be given controlling weight unless they are "arbitrary, capricious, or manifestly contrary to the statute." *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch,* 179 F.3d 725, 732, n. 11 ("BAART") (quoting *Chevron,* 467 U.S. at 844). There is

nothing to suggest that the regulations here are arbitrary, capricious, or manifestly contrary to the statute.

After reviewing the DOJ brief in the *Karczewski* case, this Court is convinced that Defendant's argument is without merit. The Court finds that DOJ's interpretation of the ADA is based on a permissible construction of the statue and the DOJ's interpretation of the supporting regulations are not "arbitrary, capricious, or manifestly contrary to the statute." Therefore, the Court **DENIES** Defendant's motion to the extent it suggests that installation of vehicle hand controls is not required under the ADA statutory scheme.

### B. Plaintiffs' Allegations that Installation of Vehicle Controls is "Readily Achievable" are Sufficient

Defendant next argues that Plaintiff fails to plead a *prima facie* case because he fails to establish that installing vehicle hand controls is "easily accomplishable and without much difficulty or expense." (MTD 7 (citing 28 C.F.R. §36.301(a) (defining a removal of an architectural barrier as readily achievable if it is "easily accomplishable and able to be carried out without much difficulty or expense.").) Further, Defendant suggests that the accommodation "would fundamentally alter the nature of the vehicles at great expense." (*Id.* at 8.)

There is disagreement regarding who bears the burden of proving that removal of a barrier is readily achievable, and "[t]he Ninth Circuit has yet to" resolve this split. *Moore v. Robinson Oil Corp.*, 588 F. App'x 528, 529-30 (9th Cir. 2014)[1]; *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014); *Rodgers v. Chevys Restaurants, LLC*, No. C13-03923 HRL, 2015 WL 909763, at *3 (N.D. Cal.

---

[1] In *Moore*, the Ninth Circuit's found that an "expert's conclusory testimony, without further explanation, is insufficient to meet [the plaintiff's] burden of production to establish that the portable restroom was readily achievable." *Id.* at 530. Although explicitly denying the opportunity to establish a standard, the Ninth Circuit in *Moore* indicated that, at the very least, the plaintiff may have the "burden of production to establish" that removal of the barrier is "readily achievable." *Id.*

Feb. 24, 2015). Many district courts in the Ninth Circuit follow the Tenth Circuit's burden-shifting framework[2]; under this approach, the plaintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable; if plaintiff makes this showing, the burden shifts to the defendant, who bears the ultimate burden of persuasion regarding his affirmative defense that a suggested method of barrier removal is not readily achievable.[3] *Rodgers*, 2015 WL 909763 at *3 (string-citing courts that have followed this approach).

The Court notes that at least one court has not followed suit, and instead held that "[u]nder the ADA, defendants bear the initial burden of production as well as the ultimate burden of persuasion in establishing that remediation of architectural barriers in a public accommodation is not readily achievable."[4] *Rodriguez v. Barrita, Inc.*, No. C 09-04057 RS, 2014 WL 31739, at *14 (N.D. Cal. Jan. 3, 2014). Although

---

[2] This is the burden-shifting framework articulated in *Colorado Cross Disability v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). In adopting this approach, the *Colorado Cross* Court followed numerous district courts and looked to statutory interpretation, reasoning "that [42 U.S.C. § 12182(b)(2)(A)(iv)], when read in conjunction with subsection (v), places the burden on Defendant to prove the proposed architectural barrier removal is not readily achievable. Subsection (v) states that discrimination includes, '*where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable*, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.' 42 U.S.C. § 12182(b)(2)(A)(v) (emphasis added). Subsection (v) clearly contemplates that the entity, rather than the plaintiff, bears the burden to demonstrate that barrier removal under subsection (iv) is not readily achievable. Read together, subsections (iv) and (v) provide an affirmative defense for an entity. Accordingly, we conclude Plaintiff must initially present evidence tending to show that the suggested method of barrier removal is readily achievable under the particular circumstances. If Plaintiff does so, Defendant then bears the ultimate burden of persuasion that barrier removal is not readily achievable under subsection (iv)." *Id.* at 1002–03.

[3] This standard has also been followed by the Eleventh Circuit in *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1275 (11th Cir. 2006) (finding that "the district court properly applied the burden-shifting standard enunciated in *Colorado Cross*").

[4] The Court notes that at least one Court has found the "architectural" nature of the alleged barrier, a failure to install hand controls, to be debatable, as detailed in *Schutza v. FRN of San Diego, LLC*, No. 14CV2628 JM RBB, 2015 WL 574673, at *3 (S.D. Cal. Feb. 11, 2015) (finding that plaintiff's claims relating to installation of hand controls "do not arise out of or relate to architectural barriers existing at the facility."). However, the parties do not raise this issue.

the plaintiff's burden differs among the two standards, the defendant's burden remains constant in that "[d]efendants bear the ultimate burden of proving that removal is not readily achievable."  *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1168 (S.D. Cal. 2006).  In light of the foregoing, the Court adopts the majority rule and concludes that a plaintiff bears the initial burden with respect to "readily achievable" remediation of architectural barriers.

Regardless of who carries the burden, Mr. Schutza's Complaint states "a claim to relief that is plausible on its face."  *See Twombly*, 550 U.S. at 570.  Regulations expressly provide for "installing vehicle hand controls" as an example "of steps to remove barriers," and Mr. Schutza claims that RNL failed to install vehicle hand controls and identifies that installation of vehicle hand controls is readily achievable in the Complaint.  28 C.F.R. § 36.304(b)(21); (Complaint ¶¶ 16-17, ECF No. 1.) Specifically, Mr. Schutza pleads that:

> There are numerous companies that sell (and will install) vehicle hand controls that are universal in design, meaning that they can be used on any vehicle, and their installation does not render any safety features inoperable or cause any permanent modification or damage to the vehicle itself.
>
> Such hand controls are inexpensive, are widely used within the car rental agency world for temporary installation and removal, and could be easily installed by Lexus without much difficulty or expense.

(Complaint, ¶¶16-17.)  These allegations are sufficient to establish that the installation of hand controls is readily achievable.  In light of the foregoing, the Court **DENIES** the motion on this ground.  The motion is also **DENIED** with respect to Defendant's Unruh Civil Rights Act claim, because the underlying ADA claims have not been dismissed.

1  IV.    **CONCLUSION & ORDER**
2         The Court **DENIES** the motion.
3         **IT IS SO ORDERED.**
4  DATED:  September 14, 2015

                                                                M. James Lorenz
                                                                 United States District Judge